*Electronically Filed*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:26-cv-00303

JOHN DOE,                                                                    PLAINTIFF,

v.

ACTING ATTORNEY GENERAL TODD BLANCHE
IN HIS OFFICIAL CAPACITY                                          DEFENDANT.

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe, by counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P. 10(a), to permit him to prosecute this matter under pseudonym.

Plaintiff suffers from Tourette's Syndrome, which is a neurological condition that (unfortunately still) carries a fair amount of stigma. The instant lawsuit concerns the recission of an employment offer that Plaintiff received from the Federal Bureau of Investigation (FBI) with regard to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-7961 (2018). Plaintiff has valid concerns that the instant litigation, coupled with his stigmatized health condition and sensitive information discussed and revealed in furtherance of his employment application to FBI, including during and after a polygraph examination, could jeopardize any future employment search, thereby impeding Plaintiff's ability to mitigate his damages by obtaining future employment. Additionally, Plaintiff seeks to proceed under a pseudonym due in part to the risk that disclosure of Plaintiff's identity could expose Plaintiff to significant stigma and potential collateral consequences arising from sensitive personal history, including prior substance use. Public identification in this

Page 1 of 3

litigation would risk subjecting Plaintiff to reputational harm and potential adverse consequences unrelated to the merits of this case. Plaintiff's request is therefore limited to protecting his identity in the public record and does not seek to conceal any information from the Court or Defendant necessary for adjudication of the claims.

Generally, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, the Court may consider various factors in deciding whether to permit a plaintiff to proceed under pseudonym. These factors include: (a) whether the plaintiff seeking anonymity is suing to challenge governmental activity, (b) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy", and (c) whether a child plaintiff is involved. *Doe v. Harlan County School Dist.*, 96 F.Supp.2d 667, 670 (E.D. Ky. 2000) (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

In *Doe v. Harlan County School Dist.*, the Court granted the plaintiffs' motion to proceed under pseudonym, where one of the plaintiffs was a child, where the plaintiffs were suing to challenge governmental activity (which was the display of the Ten Commandments in a public school), and where the adult plaintiffs (parents of the child plaintiff who attended the school in question), had a credible fear of religious persecution that could result from their lawsuit. 96 F.Supp.2d at 671.

Similarly, in the case at Bar, Plaintiff is suing to challenge activity of the U.S. government in rescinding his employment offer and has a credible fear of retaliation via limitation of future employment opportunities, fear of stigmatization due to his Tourette's Syndrome, and fear of any other collateral consequences unrelated to adjudication on the merits.

Accordingly, Plaintiff respectfully requests that this Honorable Court grant the instant Motion and permit him to pursue the instant litigation under pseudonym.

Respectfully Submitted,

MEYMAN LAW PLLC

\s\ H. Gera Meyman, Esq.
P.O. Box 54693
Lexington, KY 40555
Telephone: 859-600-6529
Email:gera@meymanlaw.com
**ATTORNEY FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. No defendant has yet been served in this action.

\s\ H. Gera Meyman
Counsel for Plaintiff