UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN DOE Plaintiff

v. Civil Action No. 3:26-cv-303-RGJ

ATTORNEY GENERAL TODD BLANCHE IN HIS OFFICIAL CAPACITY Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Plaintiff John Doe moves pursuant to Fed. R. Civ. P. 10(a) to permit him to prosecute this matter under pseudonym. [DE 6]. Plaintiff also moves for leave to file a document under seal disclosing his true legal name to the Court. [DE 4]. Defendant did not respond to either motion. The matter is ripe and for the reasons that follow, Plaintiff's motions are **DENIED**. [DE 4, DE 6].

## I. BACKGROUND

Plaintiff initiated this action against Defendant asserting failure to accommodate disability in violation of the Rehabilitation Act, 29 U.S.C. §§ 701-7961 (Count 1) [DE 6 at 10-11] and disability discrimination by recission of employment offer in violation of the Rehabilitation Act, 29 U.S.C. §§ 701-7961 (Count 2) [*id.* at 11-12]. These claims arise regarding Plaintiff's application for employment with the Federal Bureau of Investigations ("FBI") and alleged discrimination based on his Tourette's Syndrome. Plaintiff moves to prosecute this matter under pseudonym asserting that he "suffers from Tourette's Syndrome, which is a neurological condition that (unfortunately still) carries a fair amount of stigma" and has "valid concerns that the instant litigation, coupled with his stigmatized health condition and sensitive information discussed and revealed in furtherance of his employment application to FBI, including during and after a polygraph examination, could jeopardize any future employment search, thereby impeding

Plaintiff's ability to mitigation his damages by obtaining future employment." [DE 6 at 25]. He also alleges potential stigma and "collateral consequences arising from sensitive personal history including prior substance abuse." [*Id.*].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 10(a), a complaint must typically disclose the identity of every party involved in the lawsuit. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). This requirement goes beyond mere administrative routine; concealing party names directly impacts First Amendment protections by limiting the public's ability to monitor the legal system. *Doe v. Lee*, Case No. 3:22-cv-00569, 2023 WL 2587790, at *2 (M.D. Tenn. Mar. 21, 2023) (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). Consequently, courts operate under a powerful presumption that judicial records should remain transparent and accessible. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (recognizing "a 'strong presumption in favor of openness' as to court records" (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983))). "'Identifying the parties to the proceeding is an important dimension of publicness'" the citizenry maintains an inherent right to oversee who is utilizing the public court system. *Lee*, 2023 WL 2587790, at *2 (quoting *Ericksen v. United States*, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017)).

Despite the general rule of transparency, courts can permit plaintiffs to use pseudonyms if their privacy needs heavily outweigh the public interest in open court records. *Porter*, 370 F.3d at 560 (noting that Courts may "excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings."). To evaluate these requests, the Sixth Circuit directs courts to weigh several factors, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (quoting *Stegall*, 653 F.2d at 185). A party does not need to satisfy all the *Porter* factors to win anonymity, nor is any single factor dispositive the outcome. *Doe #11 v. Lee*, NO. 3:22-cv-00338, 2023 WL 1929996, at *3 (M.D. Tenn. Feb. 10, 2023) (Richardson, J.). "Courts may also consider other factors, such as whether the plaintiff would risk harm if identified and whether allowing the plaintiff to proceed anonymously would prejudice any other parties by forcing them 'to proceed with insufficient information to present their arguments ....'" *Lee*, 2023 WL 2587790, at *2 (alteration in original) (quoting *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)); *see also Malibu Media, LLC v. Doe*, No. 1:14-CV-493, 2015 WL 268995, at *5 (S.D. Ohio Jan. 21, 2015) (citation omitted).

Parties desiring to proceed using a pseudonym have a "heavy burden." *Doe v. Tenn. Bd. Law Examiners*, 2022 WL 2951447, at *1 (E.D. Tenn. 2022) (citing *Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *5 (N.D. Ohio Feb. 3, 2016)). Ultimately, the decision to allow a pseudonymous filing rests entirely within the trial court's discretion. *Porter*, 370 F.3d at 560.

## III. ANALYSIS

Doe asserts two primary arguments for proceeding under pseudonym—his stigmatized health condition and the "sensitive information discussed and revealed in furtherance of his employment application to FBI, including during and after a polygraph examination, could jeopardize any future employment search…" [DE 6 at 25]. Doe clearly satisfies the first of the *Porter* factors, "whether the plaintiffs seeking anonymity are suing to challenge governmental

activity, but do not satisfy the third or fourth factor—whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and whether the plaintiffs are children." *Porter*, 370 F.3d at 560. Primarily at issue is the second factor, whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy." *Id*.

As an initial matter, Doe states in his Complaint that the nature of this action is for disability discrimination, but "Plaintiff has not advanced any facts or circumstances that distinguish [this] case from routine discrimination cases alleging the same or similar medical conditions that plaintiff claims, nor has [Doe] indicated why the confidentiality of [Doe's] medical information cannot be maintained through a standard protective order." *See Doe*, 2016 WL 4520512, at *4. While the Court does not dispute that there remains stigma around this medical condition, it is clear that numerous cases of the same or similar ilk have been prosecuted without the use of a pseudonym. *Russell v. Bellarmine Univ. Inc.*, No. 3:23CV00457-GNS-CHL, 2026 WL 508468, at *1 (W.D. Ky. Feb. 24, 2026) (Student with Tourette's Syndrome brought discrimination claims against Defendant Bellarmine University Incorporated asserting denial of public accommodation in violation of Kentucky Civil Rights Act; violation of Title III of the Americans with Disabilities Act; and violation of Section 504 of the Rehabilitation Act); *see also Cooper v. Dolgencorp, LLC*, 93 F.4th 360 (6th Cir. 2024) (Employee, who had Tourette Syndrome which caused him to involuntarily utter racist and profane words, brought an action under Americans with Disabilities Act for disability discrimination against his former employer.); *Okros v. Angelo Iafrate Const. Co.*, 298 F. App'x 419 (6th Cir. 2008) (Former employee brought action against employer alleging disability discrimination under Americans with Disabilities Act.); *Gentry v. Summit Behav. Healthcare*, 197 F. App'x 434 (6th Cir. 2006) (State employee who suffered from Tourette's

Syndrome brought action against employer and others, alleging violations under Americans with Disabilities Act, Rehabilitation Act, Family and Medical Leave Act, and Title VII).

Doe asserts that the sensitive information that would necessarily be disclosed in this lawsuit would be particularly personal and subject him to "reputational harm" and "collateral consequences arising from sensitive personal history including prior substance abuse." [DE 6 at 25-26]. Yet, Doe fails to explain how these subjects involve information of the utmost privacy that cannot be completely or at least partially protected through a protective order or rise to the level of private information requiring anonymity. Several courts have explained that information of the utmost privacy concern "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Doe v. Tenn. Bd. Law Examiners*, 2022 WL 2951447, at *2 (citing *G.E.G. v. Shinseki*, No. 1:10- CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012)). The subjects Plaintiff sets forth in his motion do not fall within any of those identified categories. Doe has not "explain[ed] how this case would compel h[im] to disclose information of the 'utmost intimacy' of the kind that courts have found permits litigants to proceed anonymously." *Doe v. Shaw Elec. Co.*, Case No. 24-cv-10746, 2024 WL 1815459, at *3 (E.D. Mich. Mar. 28, 2024); *see also id.* (finding that "typical" claims "in a sexual harassment and retaliation employment case of name calling, antagonism of coworkers, exclusion from meetings, and job loss" do not rise to the level of "'utmost intimacy'").

Doe's arguments regarding "a generalized risk of harm and damage to his professional reputation" also do not justify the request for anonymity. *Lee*, 2023 WL 2587790, at *5. As a general rule, judges consistently hold that fears of social embarrassment, humiliation, or damage to one's reputation, "standing alone, are not sufficient to justify permitting a plaintiff to proceed

under a pseudonym." *Doe v. FedEx Ground Package Sys., Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286, at *7 (M.D. Tenn. Oct. 29, 2021) (citing *Doe v. Smith*, 105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999)); see also *Poe v. Lowe*, 2024 WL 4678470, at *4 (M.D. Tenn. Nov. 1, 2024) ("Plaintiff's concern for his professional reputation and potential future economic injury is also too speculative and unsupported to permit pseudonymity.").

Similarly, apprehensions about future employment background checks or corporate scrutiny fail to meet the standard of "utmost intimacy." Instead, these financial risks "constitute the type of concerns harbored by other similarly situated employees who file retaliation lawsuits under their real names." *Doe v. Brooks Automations US, LLC*, 2025 WL 936659, at *3 (M.D. Tenn. 2025) (quoting *Doe v. Univ. of Pittsburgh*, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018)).

As Doe has failed to meet most of the *Porter* Factors, he does not meet the "heavy burden" necessary to proceed under pseudonym and his privacy interest do not outweigh the public interest in open court records. As a result, Doe's Motion [DE 6] is **DENIED**. Similarly, because the Court does not find proceeding under a pseudonym appropriate, Doe's motion for leave to file a sealed document with the Court disclosing his true legal name [DE 4] is **DENIED.**

Within fourteen days from the entry of this Order, Doe is **ORDERED** to file an amended complaint identifying himself by his legal name. Doe is **FURTHER ORDERED**, within fourteen days from the entry of this Order, to respond to the Defendant's motion to dismiss [DE 11] with the proper case caption identifying himself. The Clerk of Court is **DIRECTED** to update the case caption at that time.

September 18, 2026

Rebecca Grady Jennings, District Judge
United States District Court